WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hillary Charles Polk, | No. CV-23-00058-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Mickey Peter Hirko, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 12), to which *pro se* Plaintiff Hillary Charles Polk filed a Response (Doc. 14), Defendants filed a Reply (Doc. 17), and Plaintiff filed three Sur-Replies (Docs. 18, 19, 21). Defendants moved to strike the Sur-Replies. (Doc. 29.) In this Order, the Court will also resolve Plaintiff's "Motion for the Withdrawal of Discovery and Interrogatories Request, Proceeding in Support of Plaintiff's Motion for Discovery" (Doc. 23); Motion for Sanctions (Doc. 22); and Motion to Compel Discovery Pursuant to FRCP 34 (Doc. 26). The Court resolves all these Motions without oral argument. LRCiv 7.2(f).

**I.   BACKGROUND**

In the Amended Complaint (Doc. 9, Am. Compl.), the operative pleading, Plaintiff alleges that on October 27, 2022, he pulled his vehicle into a "Handicapped parking space directly in front of the main entrance to Fry's Food and Grocery." (Am. Compl. ¶ 2.)

Plaintiff called over to Defendant "T.E.A.M. Security Officer Julius Husser" to ask him to get Plaintiff an electronic cart. (Am. Compl. ¶ 4.) Husser responded by saying, "Get up and get it yourself." (Am. Compl. ¶ 5.) A Fry's employee then brought Plaintiff an electronic cart, and Plaintiff reported what Husser had said to the store manager and shift manager. Plaintiff alleges he suffers from disabilities including blindness, diabetes, cancer, epilepsy, intellectual disabilities, partial or completely missing limbs, and mobility impairments requiring the use of the wheelchair. (Am. Compl. ¶ 14.)

Plaintiff now sues Husser and his alleged employers, Mickey Peter Hirko and the security company Total Events and More (T.E.A.M.), raising eight claims: (1) negligent hiring; (2) negligent training; (3) negligent retention; (4) negligent supervision; and public accommodations violations under (5) A.R.S. § 41-1492.02; (6) 42 U.S.C. § 12101; and (7) 42 U.S.C. § 12132. Defendants now move to dismiss all of Plaintiff's claims against them.

## II.  LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  ANALYSIS

### A.  Motion to Dismiss

As a threshold matter, Plaintiff filed three Sur-Replies (Docs. 18, 19, 21) to Defendants' Motion to Dismiss without leave of Court. The Federal Rules of Civil Procedure and Local Rules do not provide for the filing of sur-replies, and a party thus may not file such a brief without obtaining leave of Court. *E.g.* LRCiv 7.2. Any such action is also an end-run around the page limits on briefing set forth in Local Rule 7.2(e)(1). The Court will therefore strike Plaintiff's Sur-Replies (Docs. 18, 19, 21). The Court also notes that consideration of those briefs would not have changed the Court's resolution of the pending Motions.

Plaintiff's first four claims against Defendants are for negligent hiring, training, retention, and supervision under Arizona law. As Defendants point out in their Motion, all of these causes of action require that the employee at issue commit an underlying tort. *See Martinez v. Town of Prescott Valley*, 467 F. Supp. 3d 786, 796 (D. Ariz. 2020); *Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (Ariz. Ct. App. 1990). Here, the facts alleged are not sufficient to show Mr. Husser's conduct in saying "Get up and get [an electronic cart] yourself" constituted negligence. Under Arizona law, "'[t]o establish a claim for negligence, a plaintiff must prove . . . : (1) a duty requiring the defendant to conform to a

certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.'" *Diaz v. Phx. Lubrication Serv., Inc.*, 230 P.3d 718, 721 (Ariz. Ct. App. 2010) (quoting *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)). No facts in the Amended Complaint give rise to the plausible inference that Mr. Husser, as a security guard not employed by the grocery store, owed Plaintiff a duty to fetch an electronic cart for him, and Plaintiff does not cite any legal authority for that proposition in his briefs, either. This defect alone is fatal to Plaintiff's claims that Defendants are liable for negligent hiring, training, retention, and supervision.

Relatedly, Plaintiff's other three claims, for public accommodations violations, also fail, because such claims must be brought against the party who "owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).[1] By Plaintiff's own allegations, Defendants do not own, lease, or operate a place of public accommodation. Rather, Fry's operates its grocery stores, and indeed Plaintiff alleges that a Fry's employee did bring him an electronic cart when the security guard failed to. Plaintiff thus has no ADA claim against Defendants, as the security company and its employees.

In sum, while the Court recognizes that Plaintiff's allegations indicate he was traumatized by Mr. Husser's words and demeanor, they do not give rise to any of the legal claims Plaintiff raises against Defendants. Accordingly, the Court must dismiss Plaintiff's Amended Complaint. Because the Court finds Plaintiff cannot cure the defects in his claims by further amending the Amended Complaint, the Court will dismiss the Amended Complaint without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000).

---

[1] In the Amended Complaint, Plaintiff lists 42 U.S.C. § 12101 as the legal authority for Count 7. That portion of the Americans with Disabilities Act (ADA) is simply the Act's "Findings and Purpose." Plaintiff lists 42 U.S.C. § 12132 as the basis for Count 8, but that section of the ADA is for claims with regard to a public entity and not, as here, a private entity like a grocery store. A claim against a private entity that operates a place of public accommodation falls under 42 U.S.C. § 12182, and the Court thus applied this section of the federal statute to Plaintiff's claims, giving him the benefit of the doubt as a *pro se* party. Plaintiff's claim (Count 6) under Arizona law, A.R.S. § 41.1492.02, for a public accommodation violation follows the federal claim under 42 U.S.C. § 12182. *See Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019).

### B. Other Motions

Plaintiff's Motion for Sanctions (Doc. 22) sets forth the standard of review for a sanctions motion under Federal Rule of Civil Procedure 11, but Plaintiff does not demonstrate how Defendants violated that Rule. The Court will thus deny the Motion. Moreover, in the absence of a viable claim in the Amended Complaint, Plaintiff's discovery motions (Docs. 23, 26) are moot.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) (Doc. 12). Plaintiff's claims against Defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike Plaintiff's Additional Responses to Defendant's Motion to Dismiss Pursuant to Rule 12(f) (Doc. 29) and striking Plaintiff's Sur-Replies (Docs. 18, 19, 21).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Motion for the Withdrawal of Discovery and Interrogatories Request, Proceeding in Support of Plaintiff's Motion for Discovery" (Doc. 23) and Motion to Compel Discovery Pursuant to FRCP 34 (Doc. 26).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions (Doc. 22).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendants and close this case.

Dated this 13th day of February, 2023.

Honorable John J. Tuchi
United States District Judge